UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RASHEEN GIRAUD,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:20-cv-906 (SRU) |
| | : |
| DR. CUEVAS,<br>    Defendant. | :<br>: |

### INITIAL REVIEW ORDER ON AMENDED COMPLAINT

Rasheen Giraud ("Giraud"), proceeding *pro se*, originally filed this action on July 1, 2020, bringing claims against Dr. Cuevas, a dentist at MacDougall-Walker Correctional Institution ("MacDougall"). In his complaint, Giraud alleged that Dr. Cuevas had been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment during the period that Giraud was incarcerated at MacDougall in 2017 and 2018. *See* Compl., Doc. No. 1. Giraud additionally requested that I exercise supplemental jurisdiction over various state-law claims.

On April 19, 2021, I dismissed all claims except the Eighth Amendment claim raised against Dr. Cuevas in his individual capacity. *See* Initial Review Order, Doc. No. 14. Giraud subsequently filed this motion for leave to amend his complaint. For the reasons set forth below, Giraud may amend the complaint as a matter of right. However, the amended complaint is **dismissed** in part.

1.     **Motion to Amend the Complaint**

Giraud seeks leave to file an amended complaint to include additional information that he discovered after visiting the library at Cheshire Correctional Institution ("Cheshire"). Giraud has

also filed a proposed amended complaint in conjunction with his motion to amend.

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of right within "21 days after serving it" or, "if the pleading is one to which a responsive pleading is required, [within] 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12." Fed. R. Civ. P. 15(a)(1). Here, although Giraud filed the amended complaint more than 21 days after service, he did so before the defendants filed their answer. Accordingly, Giraud may amend the complaint as a matter of course. *See, e.g., Doe v. Syracuse Univ.,* 335 F.R.D. 356, 359 (N.D.N.Y. 2020) (collecting cases in support of the proposition that a party may amend a complaint as a matter of course before the defendant files a response).

**2.      Amended Complaint**

In his amended complaint, Giraud reasserts the same claims set forth in his original complaint, alleging that between December 2017 and February 2018, Dr. Cuevas was deliberately indifferent to his serious medical needs by failing to afford him proper medical treatment. However, Giraud includes additional exhibits in support of his claim and adds new requests for relief.

**I.      Standard of Review**

Under section 1915A of Title 28 of the United States Code, a district court must review civil complaints filed by incarcerated individuals and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. That standard of review "applies to all civil complaints brought by prisoners against governmental officials or

entities regardless of whether the prisoner has paid a filing fee." *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999))

Although detailed allegations are not required in order to survive initial review, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nevertheless, it is well-established that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**II.     Facts**

On December 16, 2017, Giraud submitted an Inmate Request to the medical department at MacDougall-Walker because he was experiencing extreme pain and swelling in the right side of his face. Am. Compl., Doc. No. 19 at ¶ 4; *see also* Pl.'s Ex. 2. In the request, Giraud explained that Dr. Cuevas had previously extracted one of his teeth but had left fragments of bone in his gums. *Id.* Giraud suspected that an infection had developed at the extraction site. *Id.*

In response to his request, Giraud was seen again by Dr. Cuevas, who injected a numbing agent into Giraud's gums, but provided no further treatment for the possible infection. *Id* at ¶ 5. After the numbing agent wore off, Giraud again began to experience pain in his face and mouth. *Id.* at ¶ 6. Giraud submitted additional requests to the medical department seeking treatment for

3

his tooth, but Dr. Cuevas ignored his requests. *Id.*

On January 13, 2018, Giraud informed a lieutenant in his housing unit that he was experiencing severe pain and swelling in his face. *Id.* at ¶ 7. The lieutenant sent Giraud to the medical department, where his vital signs were taken. *Id.* Giraud was immediately rushed to the University of Connecticut Health Center ("UConn") for treatment. *Id.*; *see also* Pl.'s Ex. 3, Doc. No. 1.

When Giraud arrived at UConn, he was examined by a medical provider who informed him that an abscess had developed at the site of the tooth extraction and that the infection could have been life-threatening if it had gone untreated. *Id.* ¶ 8. The medical providers drained the abscess and informed Giraud that, due to the infection, another tooth would also need to be removed. *Id.*

On January 27, 2018, Giraud sent a request to Dr. Cuevas about the drain that had been placed in his gum at UConn, explaining that the stitches were loose and making it difficult for him to brush his teeth and painful for him to eat. *Id.* at ¶ 9. In response to Giraud's request, he was examined by Dr. Cuevas on January 31, 2018. *Id.* at ¶ 10. During the examination, the drain in Giraud's gum fell out. *Id.* Dr. Cuevas did not prescribe him any medication or otherwise treat the pain or swelling in his face. *Id.* Giraud subsequently filed a grievance regarding Dr. Cuevas' failure to afford him adequate medical treatment. *Id.* at ¶ 11.

On February 7, 2018, prison officials transported Giraud to Yale New Haven Hospital to be seen by an oral surgeon. *Id.* at ¶ 12; *see also* Pl.'s Ex. 5. The surgeon extracted the fragments left in Giraud's mouth by Dr. Cuevas. *Id.* The surgeon additionally had to extract another tooth due to the abscess and infection that had developed. Pl.'s Ex. 1 at ¶ 15.

4

### III. Discussion

Giraud contends, as he did in his original complaint, that Dr. Cuevas was deliberately indifferent to his medical needs in violation of the Eighth Amendment by failing to provide adequate and timely treatment for his tooth infection both before and after he received treatment at UConn. He also restates his claims that Dr. Cuevas' conduct violated provisions of the Connecticut Constitution and constituted negligence as defined by Connecticut common law. In his amended complaint, however, Giraud increases his request for damages, seeking $500,000.00 in compensatory damages and $500,000.00 in punitive damages. He additionally includes a request for declaratory relief and multiple requests for preliminary and permanent injunctive relief.  Am. Compl., Doc. No. 19 at 41-42.

### 1. Eighth Amendment Claim – Individual and Official Capacity

Giraud alleges that Dr. Cuevas was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to diagnose and treat symptoms of infection that developed after his tooth extraction and for failing to treat Giraud for pain and swelling in his face that developed after he returned to MacDougall-Walker from UConn. Those allegations are substantively identical to claims raised in the original complaint, which I previously determined are cognizable. Accordingly, the Eighth Amendment claim will proceed against Dr. Cuevas in his individual capacity.

As discussed in my initial review order, however, any claims for money damages raised against Dr. Cuevas in his official capacity are barred under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal

court...[t]his bar remains in effect when state officials are sued for damages in their official capacity"); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that Section 1983 does not abrogate a state's sovereign immunity). To the extent that Giraud seeks to reassert claims against Dr. Cuevas in his official capacity in his amended complaint, those claims are dismissed. *See* 28 U.S.C. § 1915A(b)(2).

### 2. Eighth Amendment Claim – Declaratory Relief

Giraud additionally seeks a declaration that Dr. Cuevas violated his rights under the Eighth Amendment. Am. Compl., Doc. No. 19 at 41. To the extent that Giraud seeks declaratory relief against Dr. Cuevas in his official capacity, the Eleventh Amendment does not "permit judgments against state officers declaring that they violated federal law in the *past*." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993) (emphasis added); *see also Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young*…to claims for retrospective relief."). Because Giraud requests only a declaration that Dr. Cuevas violated his federal rights in 2017 and 2018, that request is barred under the Eleventh Amendment and is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

Moreover, to the extent that Giraud seeks declaratory relief against Dr. Cuevas in his individual capacity, the issue of whether Dr. Cuevas violated Giraud's rights under the Eighth Amendment will "necessarily be resolved…in connection with the resolution of [Giraud's] damage claims." *Ruggiero v. Fischer*, 2017 U.S. Dist. LEXIS 138240, at *10 (W.D.N.Y. Aug. 25, 2017). A separate declaration to that effect would therefore serve "no useful purpose." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Accordingly, the request is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### 3. Eighth Amendment Claim – Injunctive Relief

Giraud includes six requests for preliminary and permanent injunctive relief in his amended complaint. Am. Compl., Doc. No. 19 at 41-42. Specifically, he seeks: (1) an order directing Dr. Cuevas to provide him with "proper medical treatment;" (2) a Brentwood hot pot; (3) a Wahl rechargeable hair trimmer; (4) a Norelco rechargeable shaver; (5) an Energizer mini-battery charger; and (6) an HDTV digital antenna. Am. Compl., Doc. No. 19 at 41-42.

Preliminary injunctive relief is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (quoting *Moore v. Consol. Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005)). To demonstrate that such relief is warranted, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). Irreparable harm is harm "that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Bell & Howell: Mamiya Co. v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir. 1983) (cleaned up).

The nature of the injunctive relief sought must additionally relate to the claims raised in the underlying action. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220

7

(1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn Health*, 2017 U.S. Dist. LEXIS 138366 at *4 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint); *Oliphant v. Quiros*, 2010 U.S. Dist. LEXIS 50046, at *5-6 (D. Conn. May 18, 2010) (same).

As an initial matter, there are no allegations in the amended complaint that Dr. Cuevas failed to provide adequate dental treatment to Giraud at any time after February 7, 2018. Accordingly, Giraud's first request for injunctive relief is not properly characterized as prospective. Moreover, since filing this action, Giraud has been transferred from MacDougall-Walker to Cheshire. *See* Not. of Change of Address, Doc. No. 13. Giraud includes no facts in his amended complaint to suggest that he is being denied adequate medical or dental care at Cheshire. Accordingly, his requests for injunctive relief addressed to the denial of medical care at MacDougall-Walker are dismissed as moot. *See Booker v. Graham*, 974 F.3d 101, 107 (2d Cir. 2020) ("'In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.'") (quoting *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

The five additional requests for injunctive relief seeking various hygiene and other products are not reasonably related to claims raised in the original or amended complaint. Accordingly, those requests are dismissed under 28 U.S.C. § 1915A(b)(1).

### 4. State Law Negligence Claim

In addition to his Eighth Amendment claim, Giraud reasserts his claim that Dr. Cuevas' conduct constituted negligence under Connecticut law. In my initial review order, I concluded that Connecticut General Statutes section 4-165, which confers immunity on state officers and employees sued in their personal capacity for "damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment," barred the claim to the extent that it was asserted against Dr. Cuevas in his individual capacity. Conn. Gen. Stat. § 4-165. Sovereign immunity, in turn, barred the claim to the extent that it was raised against Dr. Cuevas in his official capacity. *See* Doc. No. 14, at 8-10. Giraud includes no facts in his proposed amended complaint that would alter that original conclusion. Accordingly, that claim is dismissed. 28 U.S.C. § 1915A(b)(2).

### 5. Claims under the Connecticut Constitution

In his amended complaint, Giraud additionally realleges his claim that Dr. Cuevas was deliberately indifferent to his medical needs in violation of Article First, § 9 of the Connecticut Constitution. In my previous order, I determined that adjudicating that state constitutional claim would raise novel or complex issues of state law. Giraud's inclusion of that claim in his amended complaint similarly does not alter that original conclusion or revive that claim, and the claim is therefore dismissed.

## IV. Conclusion

For the foregoing reasons, the amended complaint is **dismissed** in part.

**It is hereby ordered that:**

**(1)    The Clerk is directed to terminate the motion to amend and docket the**

**Amended Complaint attached to the motion as the operative Complaint.** Pursuant to my initial review order, the claim seeking monetary damages against Dr. Cuevas in his official capacity, as well as the state-law negligence claims, are **DISMISSED** under 28 U.S.C. § 1915A(b)(2). The requests seeking declaratory and injunctive relief are **DISMISSED** under 28 U.S.C. § 1915A(b)(1). I decline to exercise supplemental jurisdiction over the claim seeking monetary damages for a violation of Article First, § 9 of the Connecticut Constitution and dismiss that claim without prejudice. *See* 28 U.S.C. § 1367(c). The Eighth Amendment deliberate indifference to medical needs claim will proceed against Dr. Cuevas in his individual capacity.

**(2)** Defendant Cuevas shall file a response to the amended complaint, either an answer or motion to dismiss, within twenty (20) days from the date of this order

**(3)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed on or before November 18, 2021. Local Court Rule 5(f) provides that discovery requests are not to be filed with the Court.

**(4)** All motions for summary judgment shall be filed on or before December 18, 2021.

**(5)** If Giraud changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that Giraud MUST notify the Court. Failure to do so can result in the dismissal of the case. Giraud must give notice of a new address even if he is incarcerated. Giraud should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Giraud has more than one pending case, he should indicate all case numbers in the notification of change of

address.  Giraud should also notify the defendant or the attorney for the defendant of his new address.

**(6)** Giraud shall continue to utilize the Prisoner Efiling Program when filing documents with the Court.  Giraud is advised that the Program may be used only to file documents with the Court.  Because Local Rule 5(f) prohibits the filing of discovery requests with the Court, Giraud must serve all discovery requests on defendant's attorney by regular mail.

So ordered.

Dated at Bridgeport, Connecticut, this 6th day of October 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge